IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| DWIGHT A. BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL NO. 3:12-cv-312-JAG |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Dwight A. Brown ("Plaintiff") initiated this action on April 26, 2012, after his application for Social Security Disability ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act (the "Act") was denied by administrative law judge ("ALJ") Drew A. Swank. The Appeals Council subsequently denied Plaintiff's request for review on August 31, 2011. In response to Plaintiff's second request for more time to file a civil action, the Appeals Council granted Plaintiff 30 additional days from the receipt of that letter dated March 12, 2012.

Plaintiff's Complaint lists Michael J. Astrue, Commissioner of the Social Security Administration, Eric Holder, Jr., Attorney General of the United States, Neil H. MacBride, United States Attorney for the Eastern District of Virginia, Drew A. Swank, an ALJ, and Jim Rothrock, Commissioner of the Virginia Department of Rehabilitative Services, as Defendants. Subsequently, Defendants filed motions to dismiss for failure to state a claim, asserting that only

Commissioner Astrue was the proper defendant, Plaintiff could not plead due process violations in connection to his administrative appeal and Plaintiff's Complaint was not timely filed.

Defendants have submitted Motions to Dismiss, which are now ripe for review. Having reviewed the parties' papers and pleadings, the Court is now prepared to issue a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Because his Complaint is based upon his denial of DIB benefits, the only proper defendant is Commissioner Astrue. Thus, the Court recommends the dismissal of Defendants Holder, MacBride, Swank and Rothrock. 20 C.F.R. § 422.210(d). Additionally, because Congress created a statutory scheme to allow for administrative appeals to the federal courts in DIB cases, Plaintiff cannot bring a claim alleging a violation of his due process. *Schweiker v. Chilicky*, 487 U.S. 412, 427-29 (1988). Finally, as Plaintiff initiated this action on April 26, 2012 — 10 days past the deadline, the Court recommends dismissal with prejudice of Plaintiff's Complaint. *Bowen v. City of New York*, 476 U.S. 467, 478 (1986). For these reasons which are discussed below, it is the Court's recommendation that Defendants' motions to dismiss be GRANTED (ECF Nos. 12 & 18); that Plaintiff's Complaint be DISMISSED WITH PREJUDICE (ECF No. 3); and that Plaintiff's motion for summary judgment (ECF No. 21) be DENIED as moot.

## I. BACKGROUND

The Court construes the allegations in favor of the non-moving party, as required when resolving a motion for judgment on the pleadings. Fed. R. Civ. P. 12(c); *Volvo Constr. Equip. N. Am., Inc. v. CLM Equip. Co.*, 386 F.3d 581, 591 (4th Cir. 2004) (citations omitted). Viewing the facts through such a lens, the Court has concluded that the facts are as follows.

Plaintiff filed an application for DIB and SSI under the Act on October 16, 2008.[1] (Declaration of James Jones (ECF No. 19, Exh. 1) (collectively "Jones Dec.") at 3 & Att. 1.) On August 3, 2010, ALJ Swank determined that Plaintiff was not disabled under the Act. (Jones Dec. at 3 & Att. 1.) In a letter dated August 31, 2011, the Appeals Council notified Plaintiff that it denied his request to review the ALJ's decision. (Jones Dec. at 3 & Att. 2.) Plaintiff asked for, and received, an extension of time to file his action. (Jones Dec. at 3 & Att. 3.) On December 2, 2011, he filed a civil complaint and requested leave to proceed in *forma pauperis*. (Jones Dec. at 3 & Att. 3.) A week later, this Court denied Plaintiff's request. (Jones Dec. at 3 & Att. 3.) Plaintiff subsequently asked the Appeals Council for additional time to file a complaint before the Court. (Jones Dec. at 3 & Att. 3.)

In a letter dated March 12, 2012, the Appeals Council granted Plaintiff's second request for more time to file a civil action. (Jones Dec. at 3 & Att. 3.) He obtained an extension of "30 days from the date [he] receiv[ed]" the letter, which the Appeals Council assumed that Plaintiff would receive five days after the date of the letter. (Jones Dec. at 3 & Att. 3.) On April 26, 2012, Plaintiff initiated the current action in this Court by filing a second Motion for Leave to proceed in *forma pauperis*. (ECF No. 1.) The Court granted Plaintiff's request on April 30, 2012. (ECF No. 2.)

---

[1] Generally, a court cannot consider documents appended to a motion to dismiss without converting it into a motion for summary judgment. Fed. R. Civ. P. 12(d). However, the Court may consider public records or documents referenced in the pleadings without converting the motion to one for summary judgment, provided that the veracity of the documents is not disputed. *Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999) ("[A] court may consider [documents] in determining whether to dismiss the complaint because [they were] integral to and explicitly relied on in the complaint and because the plaintiffs do not challenge [their] authenticity.") (citation omitted). Because the integral issue before this Court is whether Plaintiff timely filed his Complaint, and because he has not disputed the authenticity of any of those documents referenced by the Defendants, the Court will consider them without converting the motion.

3

Plaintiff's Complaint lists Michael J. Astrue, Commissioner of the Social Security Administration ("Commissioner"), Eric Holder, Jr., Attorney General of the United States, Neil H. MacBride, United States Attorney for the Eastern District of Virginia, Drew A. Swank, an ALJ, and Jim Rothrock, Commissioner of the Virginia Department of Rehabilitative Services, as Defendants. (Plaintiff's Complaint (ECF No. 3) ("Compl.") at 1-2.) Plaintiff requests "this Court to review the Social Security Disability Appeals Council's decision in denying the plaintiff benefits under the Social Security Disability program." (Compl. at 2.)

In his Complaint, Plaintiff asserts that ALJ Swank was careless, demeaning and made many errors. (Compl. at 5-7.) Additionally, he alleges that the Department of Rehabilitative Services had a conflict of interest in handling his claims. (Compl. at 7.) Plaintiff also lists his many ailments, which include arthritis in the spine, chronic gout, chronic sciatica and bulging discs. (Compl. at 7.) Plaintiff believes "that no reasonable person could have denied his claim," and asks for double the amount of back DIB payments to which he believes that he is entitled. (Compl. at 9.) Additionally, Plaintiff alleges that he suffered serious and substantial emotional distress as a result of the denial of DIB benefits and, therefore, requests an additional $200,000 in damages. (Compl. at 9-10.) Finally, Plaintiff asks for a new DIB hearing in Norfolk, Virginia. (Compl. at 10.)

On May 24, 2012, in response to the Complaint, Defendant Rothrock filed a Motion to Dismiss for failure to state a claim upon which relief can be granted along with a memorandum in support. (Def. Rothrock's Mot. to Dismiss (ECF No. 12) & Def. Rothrock's Mem. in Supp. of Mot. to Dismiss (ECF No. 13) ("Def. Rothrock's Mem.").) On June 22, 2012, Defendants Astrue, Holder, MacBride and Swank filed a Motion to Dismiss pursuant to Rules 12(b)(1) and

12(b)(6) as well as a memorandum in support. (Def.'s Mot. to Dismiss (ECF No. 18) & Def.'s Mem. in Supp. of Def.'s Mot. to Dismiss (ECF No. 19) ("Def.'s Mem.").)

## II. STANDARD OF REVIEW

A motion made pursuant to Fed. R. Civ. P. 12(b)(1) challenges the court's jurisdiction over the subject matter of the complaint. If a defendant contends that the complaint fails to allege facts upon which subject matter jurisdiction can be based, all facts in the complaint are presumed true. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982); *see also King v. Riverside Reg'l Med. Ctr.*, 211 F. Supp. 2d 779, 780-81 (E.D. Va. 2002). Alternatively, if the defendant argues that the jurisdictional facts in the complaint are untrue, "the Court may 'look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'" *Virginia v. United States*, 926 F. Supp. 537, 540 (E.D. Va. 1995) (quoting *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993)); *see also Adams*, 697 F.2d at 1219. Consideration of evidence outside of the pleadings does not necessarily convert the motion to one for summary judgment. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (citation omitted). In either case, the plaintiff bears the burden of proof to preserve jurisdiction. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

"[A] motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint need not assert "detailed factual allegations," but must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.* (citation omitted), to one that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* In considering such a motion, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Matkari*, 7 F.3d at 1134; *see also Martin*, 980 F.2d at 952. Legal conclusions enjoy no such deference. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Additionally, "[a] document filed *pro se* is 'to be liberally construed.'" *Erickson*, 551 U.S. at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 104-105 (1976)). To that end, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* (citation and internal quotation marks omitted). And "[p]leadings must be construed to do justice." Fed. R. Civ. P. 8(d). At the same time, courts recognize that a plaintiff "can plead himself out of court by pleading facts that show that he has no legal claim." *Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011) (Posner, J.) (citing *Hecker v. Deere & Co.*, 556 F.3d 575, 588 (7th Cir. 2009); *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008); *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 777 (7th Cir. 2007); *Orthmann v. Apple River Campground*, 757 F.2d 909, 915 (7th Cir. 1985); and *Trudeau v. FTC*, 456 F.3d 178, 193 (D.C. Cir. 2006)).

### III. DEFENDANTS ROTHROCK, HOLDER, MacBRIDE AND SWANK'S MOTIONS TO DISMISS

Because they contend that they are not proper parties, Defendants Rothrock, Holder, MacBride and Swank request this Court to dismiss the claims against them. (*See* Def.

Rothrock's Mem. at 3; Def.'s Mem. at 5-6.) Regulations promulgated under the Act make clear that for a claim arising from the denial of benefits under the Act, "the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant." 20 C.F.R. § 422.210(d). No other "agency, officer, or employee of the United States other than the Commissioner" shall be the proper defendant for a claim arising under the Act. *Id.* Similarly, "[t]he State agency will not be responsible for defending in court any determination made, or any procedure for making determinations, under the[ R]egulations." 20 C.F.R. § 404.1615(g).

First, the Court must determine whether Plaintiff's claims arose from a decision of an ALJ under the Act. *See* 20 C.F.R. § 422.210(a) ("A claimant may obtain judicial review of a decision by an administrative law judge if the Appeals Council has denied the claimant's request for review, or of a decision by the Appeals Council when that is the final decision of the Commissioner.") In his Complaint, Plaintiff includes three claims for relief: (1) double the amount of his alleged back DIB payments; (2) $200,000 for the emotional distress caused by his denial of DIB payments; and (3) a new DIB hearing. (Compl. at 9-10.) Additionally, Plaintiff describes in detail the events surrounding his DIB claim as well as the regulations and laws promulgated under the Act, while attaching a January 21, 2011 Appeals Council letter that denied his request for review of the ALJ's decision. (Compl. at 2-7 & Exh. A.) He further alleges that the Department of Rehabilitative Services had a conflict of interest in denying both his claims for Medicaid and DIB. (Compl. at 7.) Finally, Plaintiff details his personal and financial hardship as a result of the ALJ's decision. (Compl. at 7-9.)

The factual allegations and claims for relief in Plaintiff's Complaint stem from the ALJ's finding that Plaintiff was not disabled under the Act. In fact, Plaintiff's Motion Opposing Dismissal conducts a page-by-page attack on the ALJ's decision. (Pl.'s Mot. Opp. Dismissal

(ECF No. 22) at 1-8.) And in his Reply Brief in Opposing Defendant's Motion to Dismiss, Plaintiff characterizes his Complaint as a request to review "the Social Security Administration disability determination." (Pl.'s Reply Br. (ECF No. 26) at 3.)

Consequently, the sole proper party to this action can only be Defendant Astrue, as he holds the Office of the Commissioner. 20 C.F.R. § 422.210(d). Therefore, the Court recommends that the claims against Defendants Rothrock, Holder, MacBride and Swank be dismissed.

## IV. DEFENDANT ASTRUE'S MOTION TO DISMISS

Defendant Astrue attacks Plaintiff's Complaint for two reasons. First, the Commissioner argues that to the extent that Plaintiff asserted any claims in tort, they are jurisdictionally barred. (Def.'s Mem. at 6.) Second, the Commissioner asserts that Plaintiff's action is time barred. (Def.'s Mem. at 3-5.) Because the Court agrees with the Commissioner as to both points, it recommends a dismissal with prejudice of Plaintiff's Complaint.

### A. Plaintiff is barred from bringing tortious claims in a case arising from the denial of DIB benefits.

Defendant Astrue asserts that any claim in tort that Plaintiff might have against the Government arising out of his denial of DIB benefits is without jurisdiction. (Def.'s Mem. at 6.) The controlling statute provides:

> No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under [the Act].

42 U.S.C. § 405(h). The Fourth Circuit has determined that the Act precludes any Federal Tort Claims Act claims arising out of the denial of DIB benefits. *Jarrett v. United States*, 874 F.2d 201, 205 (4th Cir. 1989) ("Surely, if in creating the continuing disability review program Congress did not include the right to seek monetary damages because of unconstitutional

8

conduct, Congress also did not intend to allow a claim under the Federal Tort Claims Act for 'improper and wrongful' discontinuance of benefits."). Similarly, and because of the nature of Plaintiff's Complaint, Plaintiff can only request review of the Commissioner's decision and cannot request remedies based on alleged violations of due process. *Chilicky*, 487 U.S. at 427-29 (denying the use of a *Bivens* remedy based on "emotional distress" caused by the delay of an ALJ's decision under the Act). Thus, to any extent that Plaintiff's Complaint is based on tortious violations of due process, those claims are barred.

**B.    Plaintiff's action was not timely filed.**

Next, Defendant Astrue requests the Court to dismiss Plaintiff's Complaint, because it was filed past the extension of time given to Plaintiff by the Appeals Council. (Def.'s Mem. at 3-5.) Congress prescribed the procedures for judicial review of the denial of a DIB claim:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g).[2] Thus, a plaintiff has sixty days after the final decision of the Commissioner or "such further time as the Commissioner . . . may allow" to file his action with this Court. This 60-day time period promulgated by Congress "constitutes a period of limitations." *Bowen*, 476 U.S. at 478. However, the Supreme Court determined that "traditional equitable tolling principle[s]" to the 60-day limit will, at times, be appropriate, because Congress also carved out the ability for the Commissioner to extend that limit. *Id.* at 480 ("cases may arise where the

---

[2] For the United States Government to be included as a defendant in an action, the United States must have previously waived sovereign immunity and that waiver "cannot be implied but must be unequivocally expressed." *United States v. King*, 395 U.S. 1, 4 (1969). Congress expressly waives the Government's sovereign immunity by "prescrib[ing] the procedures and conditions under which, and the courts in which, judicial review of administrative orders may be had." *City of Tacoma v. Taxpayers of Tacoma*, 357 U.S. 320, 336 (1958).

9

equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate" (quotations omitted)).

Here, Plaintiff asked for, and was granted, a request for additional time to file a civil action on March 12, 2012. (Jones Dec. at 3 & Att. 3.) More specifically, Plaintiff received an additional "30 days from the date [he] receiv[ed]" the letter; the Appeals Council assumed Plaintiff received the letter five days from the date of the letter. (Jones Dec. at 3 & Att. 3.) As a result, he was required to file his action no later than April 16, 2012. Plaintiff initiated his action on April 26, 2012 — ten days past that deadline.

Plaintiff asserts he was "out of the [c]ountry from March 31, 2012 through April 7, 2012, which prevented the delivery" of the Appeals Council's letter. (Pl.'s Reply Br. at 1.) Assuming, as the Commissioner does, that the letter arrived within five days, the letter granting Plaintiff's extension of time was received by Plaintiff no later than March 17, 2012 — ten days before Plaintiff was allegedly out of the country. Similarly, Plaintiff had more than an additional week to file his action after he returned from abroad. Because Plaintiff shows no reason where "the equities in favor of tolling are compelling," *Bowen*, 476 U.S. at 480, the limitation deadline of April 16, 2012 should be enforced. Accordingly, this Court recommends dismissal of Plaintiff's Complaint with prejudice, as Plaintiff initiated this action beyond the prescribed filing period.

## V. CONCLUSION

Based on the foregoing analysis, it is the recommendation of this Court that Defendants' motions to dismiss be GRANTED (ECF Nos. 12 & 18); that Plaintiff's Complaint be DISMISSED WITH PREJUDICE (ECF No. 3); and that Plaintiff's motion for summary judgment (ECF No. 21) be DENIED as moot.

Let the Clerk forward a copy of this Report and Recommendation to the Honorable John A. Gibney, Jr., Plaintiff and to all counsel of record.

## NOTICE TO PARTIES

**Failure to file written objections to the proposed findings, conclusions and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from attacking on appeal the findings and conclusions accepted and adopted by the District Judge except upon grounds of plain error.**

/s/ David J. Novak
David J. Novak
United States Magistrate Judge

Richmond, Virginia
Dated: August 9, 2012

11