IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

DWIGHT ANTHONY BROWN,

           Plaintiff,

v.                                                     Civil Action No. 3:12-cv-00312-JAG

MICHAEL J. ASTRUE,
ERIC HOLDER, JR.,
NEIL H. MACBRIDE,
JIM ROTHROCK,
and DREW A. SWANK,

           Defendants.

## MEMORANDUM OPINION

This matter is before the Court on the plaintiff's objections to the Magistrate Judge's Report and Recommendation ("R&R"). The *pro se* plaintiff, Dwight Anthony Brown, alleges that an administrative law judge and the Appeals Council erroneously denied his claim to Social Security Disability Insurance Benefits and Supplemental Security Income. The defendants, however, have filed motions to dismiss, arguing that defendant Michael Astrue, as Commissioner of the Social Security Administration, is the only proper defendant to this action and, furthermore, that Brown filed his complaint in an untimely fashion under 42 U.S.C.A. § 405(g). The R&R accepts the defendants' arguments and thus recommends granting their motions to dismiss. Brown objects on several grounds, but these objections lack merit. Even though Brown "vehemently opposes" the assertion that he filed his complaint late, the evidence clearly supports that finding. (Dk. No. 26 at 1.) Furthermore, Brown does not demonstrate any

basis for equitable tolling of the limitations period. Accordingly, the Court overrules Brown's objections and adopts the R&R without modification.

## I. STANDARD OF REVIEW

The Court referred this matter to a U.S. Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B). Having received the Magistrate Judge's R&R, the Court reviews *de novo* any part of the R&R to which a party has properly objected. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). A reviewing court may accept, reject, or modify, in whole or part, the Magistrate Judge's recommended disposition. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). Because Brown has proceeded *pro se*, the Court endeavors to construe the plaintiff's arguments liberally. *Erikson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed.") (citations and internal quotation marks omitted).

A motion to dismiss tests the sufficiency of a complaint; it does not resolve contests surrounding the facts of the case, the merits of a claim, or the applicability of any defense. *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering such a motion, a court must likewise accept all allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999); *Warner v. Buck Creek Nursery, Inc.*, 149 F. Supp. 2d 246, 254-55 (W.D. Va. 2001). To survive a motion to dismiss, a complaint must contain sufficient factual matter which, if accepted as true, "state[s] a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court "may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *White Tail Park, Inc. v. Stroube*, 413 F.3d 451, 459 (4th Cir. 2005) (quoting *Richmond, Fredericksburg & Potomac R.R. Co.*, 945 F.2d at 768).

## II. <u>BACKGROUND</u>

Because the R&R discusses Brown's case in detail, the Court reviews only the facts and events necessary to resolve Brown's objections. The Court's ultimate decision has nothing to do with Brown's medical conditions or the Social Security Administration's view of those conditions. For this reason, the Court need not review the administrative law judge's findings or the evidence supporting those findings.

On October 16, 2008, Brown filed an application for Social Security Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"), but the Social Security Administration—represented in this matter by defendant Michael Astrue, in his official capacity as Commissioner of the Social Security Administration ("Commissioner")—denied his applications. Upon Brown's request, defendant Drew A. Swank, an administrative law judge, held a hearing in June, 2010, and issued a decision denying Brown's applications for benefits in August, 2010. Brown then asked for further review by the Appeals Council, but the Appeals Council rebuffed his request by mailed letter on August 31, 2011. (Dk. No. 19, Ex. 1 at 26–28.) The letter clearly explains how Brown could file a civil action if he disagreed with the Appeals Council's decision and, more importantly for the Court's purposes, the time for filing a civil action. It states:

- You have 60 days to file a civil action (ask for court review).

- The 60 days start the day after you receive this letter. We assume you receive this letter 5 days after the date on it unless you show that you did not receive it within the 5-day period.

- If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file. You must have a good reason for waiting more than 60 days to ask for court review. You must make the request in writing and give your reason(s) in the request.

3

(*Id.*) This information conforms to federal law governing the Commissioner's authority to decide benefits claims, which provides in relevant part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). Similarly, the Commissioner's own regulations provide that the Appeals Council may extend the time for filing a civil action seeking judicial review "upon a showing of good cause." 20 C.F.R. § 422.210(c). In other words, the Commissioner may, but has no obligation, to give a claimant more time to bring an action in federal court.

The plaintiff then requested an extension to file for court review. The Appeals Council indulged Brown's request, again by mailed letter, on March 12, 2012. This letter stated:

> **We Are Giving You More Time to File a Civil Action**
>
> The Appeals Council now extends the time within which you may file your civil action (ask for court review) for 30 days from the date you receive this letter. We assume that you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.

(Dk. No. 19, Ex. 1 at 32.)

Brown filed a complaint in this Court on April 26, 2012—45 days after the date listed on the letter. Assuming that Brown received the letter within 5 days of mailing—and the Court has no reason to believe otherwise—he filed his complaint at least 10 days too late. Consequently, the defendants sought dismissal on the basis of the expired statute of limitations. In response to

this argument, Brown contended only that he "was out of the [country] from March 31, 2012 thru April 7, 2012, which prevented delivery of the Defendant's motion."[1] (Dk. No. 26 at 1.)

The R&R rejects Brown's purported reason for missing the filing deadline. If the letter arrived by March 17, 2012, Brown had two full weeks prior to departure to take action, not to mention another week or more upon return. Still, the 35 days passed without any word from him. The R&R thus recommends dismissal because Brown filed an untimely complaint and subsequently offered no grounds for equitable tolling of the limitations period. Nevertheless, Brown objects, raising new grounds for his untimeliness and generally reiterating the substantive basis of his complaint.

### III. DISCUSSION

Brown objects to the R&R on several grounds, but the Court only addresses whether he filed a timely complaint, which proves dispositive. Because Brown filed his complaint late and fails to show grounds for equitable tolling, the Court grants the defendants' motions to dismiss.

The Supreme Court has clearly held that 42 U.S.C. § 405(g) establishes a "60-day . . . statute of limitations" on federal district court review of an adverse decision by the Commissioner.[2] *Bowen v. City of New York*, 476 U.S. 467, 479 (1986). Because the time limit constitutes "a condition on the waiver of sovereign immunity," it "must be strictly construed." *Id.* At the same time, "Congress has authorized the Secretary to toll the 60-day limit, thus

---

[1] Though Brown actually wrote that he was "out of the County," the Court infers that he meant "country" based on later representations. *See* Part III, *infra*.

[2] Insofar as Brown attempts to bring an independent tort claim based on his denial of benefits, Congress and the courts have expressly forbidden it. *See Jarrett v. United States*, 874 F.2d 201, 203–05 (4th Cir. 1989) (citing 28 U.S.C. § 405(h) ("No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.")).

5

expressing its clear intention to allow tolling in some cases." *Id.* at 480. "While in most cases the Secretary will make the determination whether it is proper to extend the period within which review must be sought, cases may arise where the equities in favor of tolling the limitations period are 'so great that deference to the agency's judgment is inappropriate.'" *Id.* (quoting *Mathews v. Eldridge*, 424 U.S. 319, 330 (1976)). Here, not only did Brown fail to adhere to the "strict[ ]" 60-day time limit for filing his complaint, but his situation also does not present "the rare case" calling for equitable tolling. *Id.* at 481.

In his extensive list of objections, Brown writes:

> The Plaintiff in Opposing Commissioner's Astrue Motion To Dismiss, is somewhat taken back by the Commissioner asserting an action based on time, when the notice from the Appeals Council was not delivered within the 5 days he is asserting. As stated in earlier Motions, the Plaintiff was out of the Country until April 7, 2012 and did not arrive home until Sunday, April 8, 2012. The letter from the Appeals Council was not delivered by the United States Postal Service until April 12, 2012, because the Appeals Council incorrectly listed the Plaintiff zip cod as 22483. With all due respect to the Defendant(s), this is not the only time they have made mistakes in providing the Plaintiff with inaccurate documents or information. Attempts were made to contact the local Social Security Office and Appeals Council unsuccessfully because *NO ONE* would answer the phone or the Plaintiff was put on hold. The plaintiff works as a High School Teacher in Maryland and lives in Virginia. Time did not allow for the Plaintiff to make phone calls repeatedly to the Defendant(s), to bring this to the attention.
>
> . . .
>
> The Plaintiff respectfully request the COURT consider the Plaintiff Motion to be filed in a timely manner since the Appeals Council has sent the Plaintiff mail inadvertently (see Exhibit "B") in the past.

(Dk. No. 29 at 8–10 (errors and emphasis in original).) In short, Brown contends that a delay in delivery, the defendants' "mistakes" and "inaccura[cies]," and his inability to reach the relevant parties by telephone collectively justify his own delay in filing a complaint, and thereby support equitable tolling.

In his response, Astrue debunks Brown's claim that the Appeals Council sent the letter to the wrong zip code by attaching a copy of the letter itself. (*See* Dk. No. 31, Ex. 1.) Not only does this letter state the correct zip code (*i.e.*, 22485), but it also lists the address to which the Court has been sending Brown documents throughout the course of this litigation. Brown's numerous filings in response to the Court's mailings (which, notably, have included the opposing parties' filings) belie any allegation of trouble with mail delivery. The Court therefore finds it implausible that it took more than five days to arrive—let alone a full month, as Brown contends in his objections to the R&R.

In fact, Brown's pleadings generally indicate a lack of candor with the Court. For example, in his response in opposition to the Commissioner's motion to dismiss, Brown previously cited his absence from home from March 31, 2012 to April 7, 2012, but he somehow neglected to say that the letter arrived five days after his return, which he now maintains. (*See* Dk. No. 26 at 1.) Given Brown's obvious misstatement regarding his zip code and his equivocation about the letter's actual delivery date, the Court has good reason to question the credibility of Brown's allegations, including those dealing with his phone troubles.

Lastly, Brown fails to identify the "mistakes" or "inaccurate documents or information" for which this Court should hold the local Social Security Administration office or the Appeals Council responsible. The letter that Brown claims the Appeals Council "inadvertently" sent to him contains no obvious errors, and Brown fails to point out any inaccuracies therein. (*See* Dk. No. 29, Ex. B.) In short, Brown does not adequately justify his failure to meet the "strict[ ]" statute of limitations for parties seeking federal district court review of DIB and SSI denials. He therefore does not deserve equitable tolling under the circumstances. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) ("Generally, a litigant seeking equitable tolling bears the burden of

establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.").

Other federal courts have likewise dismissed social security review actions because of a claimant's untimeliness in filing his or her complaint. *See, e.g., Rodriguez ex rel. J.J.T. v. Astrue*, 2012 WL 292382, at *2 (S.D.N.Y. Jan. 31, 2012) (citing *Johnson v. Comm'r of Social Security*, 519 F. Supp. 2d 448, 448–49 (S.D.N.Y. 2007) (dismissing complaint filed nine days after statutory limitation period expired)). In fact, a district court recently dismissed a DIB/SSI claimant's complaint even though it came only one day late. *See Boyer v. Astrue*, 2012 WL 6084633 (N.D. Ind. Dec. 5, 2012). The court stated, "'Foreclosing litigants from bringing their claim because they missed the filing deadline by one day may seem harsh, but courts have to draw lines somewhere, statutes of limitation protect important social interests, and limitation periods work both ways.'" *Id.* at *3 (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000) (internal citations omitted)). In the same vein, the Supreme Court has explained that "the limitation serves both the interest of the claimant and the interest of the Government," for "§ 405(g) is a mechanism by which Congress was able to move cases to speedy resolution in a bureaucracy that processes millions of claims annually." *Bowen*, 476 U.S. at 481. In other words, though the limitations period may operate to an individual claimant's detriment, it benefits claimants collectively by preventing a systemic logjam from late-filed claims.

As for Brown's remaining objections, the Court rejects his position that the administrative law judge (*i.e.*, Drew A. Swank) and Jim Rothrock, Commissioner of the Virginia Department of Rehabilitative Services, are proper defendants to this action.[3] As the R&R

---

[3] Disability Determination Services ("DDS") is a division of the Department of Rehabilitative Services, for which Rothrock serves as Commissioner. DDS processes claims to disability benefits for the federal DIB and SSI programs, but DDS remains a state entity and thus "will not

concluded, "[b]ecause [Brown's] Complaint is based upon his denial of DIB benefits, the only proper defendant is Commissioner Astrue." (Dk. No. 27 at 2 (citing 20 C.F.R. § 422.210(d) ("[T]he person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant. . . [A] complaint is erroneously filed against the United States or against *any* agency, officer, or employee of the United States *other than the Commissioner*. . . .") (emphasis added)).) Thus, Brown's claims against all parties "other than the Commissioner" fail as a matter of law.[4] For this reason, along with the fact that Brown filed his complaint in an untimely fashion, the Court need not address any of Brown's objections relating to the actions or personal character of the administrative law judge.

### IV. CONCLUSION

The Court overrules all the plaintiff's objections and adopts the Magistrate Judge's R&R in entirety. The Court accordingly grants the defendants' motions to dismiss, denies Brown's motion for summary judgment, and denies Brown's motion to introduce new evidence and clarify existing medical evidence as moot.

The Clerk is directed to send a copy of this Memorandum Opinion to all counsel of record and Mr. Brown.

The Court shall enter an appropriate order.

Date: May 20, 2013
Richmond, VA

/s/
John A. Gibney, Jr
United States District Judge

---

be responsible for defending in court any determination made, or any procedure for making determinations, under these regulations." § 404.1615(g). Moreover, the Eleventh Amendment bars claims for damages directly against Rothrock in his official capacity. As explained above, Brown may only sue the Commissioner of the Social Security Administration for a denial of benefits.

[4] Brown concedes that he has improperly named Attorney General Eric Holder and U.S. Attorney Neil MacBride as defendants in this action. (*See* Dk. No. 29 at 1.) The Court thus dismisses the action as to these defendants without dispute.